IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO.:   1:22-cr-144 |
| | : | |
| Plaintiff | : | JUDGE PAMELA A. BARKER |
| | : | |
| vs. | : | |
| | : | |
| **DONTE FERGUSON** | : | **BRIEF IN OPPOSITION TO GOVERNMENT'S** |
| | : | **MOTION TO REVOKE ORDER OF RELEASE** |
| Defendants | : | |

Now comes the Defendant, DONTE FERGUSON, by and through undersigned counsel, and hereby files his Brief in Opposition to Government's Motion to Revoke Order of Release. Defendant respectfully requests that this Honorable Court deny the Government's motion for the reasons more fully set forth in the attached Brief, incorporated herein by reference.

Respectfully submitted,

\S\ Kevin M. Spellacy
**KEVIN M. SPELLACY  (0042374)**
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio  44113-1306
Phone: (216) 344-9220
Fax:     (216) 664-6999
E-mail: kspell@mghslaw.com

COUNSEL FOR DEFENDANT
DONTE FERGUSON

**BRIEF**

Defendant is charged in this matter with one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). The allegation against Defendant is that he signed in to the Parma Armory on March 4, 2021 and shot firearms at the range. Exhibit A. Despite this event allegedly occurring on March 4, 2021, the incident was not discovered until September of 2021, and no report was drafted relative to this incident until October 28, 2021. *Id*. The report alleges that Detective Matthew Zone was monitoring Instagram for evidence of the "Heartless Felons" criminal gang. *Id*. Detective Zone located an account with a listed name of "1208 Goat/President," which the detective believes to be a reference to the Heartless Felons. *Id*. To date, Defense Counsel has not been provided even a screenshot of this alleged account. Detective Zone believed Defendant to be the user of the account and discovered the video that had allegedly been recorded sixth months prior. *Id*.

Defendant was arrested in May of 2022, after Cleveland Police officers responded to a shooting wherein Defendant was the victim. On June 3, 2022, the Court held a detention hearing. The Government proffered the above-mentioned police report and moved for detention based solely on the three-page draft report and Defendant's prior criminal history. After a full hearing, Magistrate Judge Henderson took the matter under advisement and ultimately granted Defendant a bond.

Pursuant to 18 U.S.C. § 3142(g):

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
> > **(A)** person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

In the matter at bar, the Government asserts that Defendant should be detained throughout the pendency of these proceedings on the basis that Defendant *may* still be involved in gang activity and based upon his criminal history. While the allegation against Defendant, which is essentially that he handled a firearm in a controlled environment, is certainly serious, over a year has elapsed since the alleged offense, and over six months have elapsed since the discovery of the alleged crime. The Government cannot provide any evidence of further alleged wrongdoing in that time period. Despite assertions to the contrary, there is no evidence that Defendant is involved in continued gang activity. Other than an Instagram handle, of which proof has yet to be provided, there is no allegation that upon discovery of this Instagram account that Defendant has exhibited any type of behavior associated with gang activity. The Government has had over a year to monitor this account to find evidence of gang activity or leads to further activity, but has been unable to do so.

Furthermore, Defendant is being punished for being the *victim* of a shooting. The motive of the person or persons who shot Defendant are wholly unknown and not been ascertained by the investigating Cleveland Police Department. Yet, in this matter, significance is being placed on Defendant's inability to provide any information about the shooting. Additionally, the shooting has left Defendant with severe physical injuries, including a torn Achilles tendon that currently renders him unable to walk, that are difficult to be treated and cared for in a confinement setting. Despite the Government's repeated assertions, there is no evidence that Defendant is currently involved in any

gang activity, nor any evidence that he has been involved in gang activity since his 2017 release from prison.

Additionally, Defendant's history and characteristics do not weigh in favor of continued detention. The Government takes great pains to detail Defendant's criminal history, which he does not dispute. However, it has been approximately five years since Defendant was released from prison with absolutely no issues. While there is an indication that Defendant tested positive for marijuana immediately upon beginning his supervised release, there is no further report or actual violation for this incident. Defendant has paid his debts owed to society and has moved on with his life. His wife and children are in the greater-Cleveland area, and he was steadily working in the hospitality industry prior to his arrest. Defendant has close ties to the community and no passport. He is in no way a flight risk or at risk of failing to appear for all required court dates. Defendant would abide by any and all conditions of bond/release as required by this Court.

WHEREFORE, the Defendant, Donte Ferguson, respectfully requests this Honorable Court deny the United States of America's Motion to Revoke Order of Release and uphold the bond and conditions of release set by Magistrate Judge Henderson after the previous detention hearing.

Respectfully submitted,

\S\ Kevin M. Spellacy
**KEVIN M. SPELLACY (0042374)**
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio  44113-1306
Phone: (216) 344-9220
Fax:     (216) 664-6999
E-mail: kspell@mghslaw.com

COUNSEL FOR DEFENDANT
DONTE FERGUSON

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Brief in Opposition to Government's Motion to Revoke Order of Release was submitted to all parties listed on the electronic record, via the Electronic Filing System of the United States District Court on this 14th day of June, 2022.

\S\ Kevin M. Spellacy
**KEVIN M. SPELLACY  (0042374)**