IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:22-cr-144 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **DONTE FERGUSON,** | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon the Motion to Revoke Order of Release of Defendant Donte Ferguson, pursuant to Title 18 U.S.C. Section 3145(a)(1) filed by the United States of America on June 8, 2022 ("the Government's Motion").  (Doc. No. 19.)  On June 14, 2022, Defendant Donte Ferguson ("Defendant") filed a Brief in Opposition to the Government's Motion ("the Defendant's Opposition").  (Doc. No. 20)   Although given until June 21, 2022 to file a Reply in support of the Government's Motion, the Government did not do so.   Neither party requested a hearing on the Government's Motion.  The Government's Motion is now ripe for a decision.

### Background

On March 31, 2021, a one-count indictment was filed, and sealed, charging Defendant with Felon in Possession of Firearm and Ammunition in violation of Title 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). (Doc. No. 1.)  On May 19, 2021, the indictment was unsealed after the arrest of Defendant. On May 26, 2022, Defendant entered his initial appearance, was arraigned, and pled not guilty to the indictment, and the Government moved for detention.  Magistrate Judge Henderson set a detention hearing for June 3, 2022, and ordered Defendant detained pending the hearing.  (Doc No. 7.)

At the June 3, 2022 detention hearing, the government proffered and discussed the information contained in the LEADS report authored by Detective Matt Zone.[1] (Doc. No. 18, PageID #s 75, 77-78.) That report includes the following information. During September 2021, Detective Zone located the Instagram account **"chief_and_commander"**, and he identified the user of the account as Defendant, who is one of the original founders of the "Heartless Felons" criminal gang. Defendant listed his name on the Instagram account as "1208 Goat/President". According to Detective Zone, 1208 stands for "Land of the Heartless" AKA "LOH" with L being the 12th letter of the alphabet and H being the 8th letter; and "land of the Heartless" AKA "LOH" AKA "1208" is a known branch of the "Heartless Felons." While monitoring Defendant's Instagram account, he observed that Defendant had a previously recorded Instagram Live video saved to his account and dated as recorded on March 4, 2021, which depicted Defendant shooting firearms at a gun range. Further investigation by Detective Zone revealed that Defendant had digitally signed into the Parma Armory on March 4, 2021, using his real name and correct personal identifying information, but when he digitally signed in to enter the gun range, Defendant used a fake name, and incorrect personal identifying information. Photographs captured Defendant signing in both to the Armory and to the gun range. According to Detective Zone's investigation, Defendant was accompanied by Shalay Morris, who rented two firearms when she was with Defendant: a Glock 45 9mm S/N #BLAV976; and a Sig Sauer P365 9 mm S/N #66A046106, both of which were seen in Defendant's possession while at the Parma Armory. Detective Zone researched Shalay Morris through the Law Enforcement

---

[1] The Police Report dated 10/28/2021 is attached as Exhibit 1 to the Government's Motion, and as explained at footnote 1 of the Government's Motion, the incident giving rise to the indictment occurred on March 4, 2021, but it was discovered by Detective Zone in September 2021, and summarized in a report on October 28, 2021. (Doc. No. 19-1, PageID #s 98-100.)

2

Record Management System ("LERMS) and observed that Shalay Morris had made a Theft Report with the Cleveland Police on March 22, 2021, claiming that two firearms were stolen from her unlocked vehicle, one of which was a Hi-Point CF-380 S/N #P8178194, what Detective Zone described as an "exact match" to the Hi-Point Defendant had with him at Parma Armory on March 4, 2021, while in the company of Shalay Morris. And, finally, Detective Zone's investigation revealed that on March 19, 2021 Shalay Morris had returned to the Parma Armory and purchased two firearms: a Glock 21 S/N #BSLN357 and a Smith & Wesson 380 Shield EZ M2.0 S/N #NJY9998.

At the detention hearing, the Government also proffered the Pretrial Services Report.[2] (Doc. No. 18, PageID #s 75-79.) The Pretrial Services Report includes the following information. Shalay Morris, the very person identified in the October 28, 2021 Police Report as accompanying Defendant to the Parma Armory, renting two firearms there, filing a theft report and then purchasing two firearms from the Parma Armory, is the wife of Defendant, who "denied [to the pretrial services officer] the presence of firearms in the home." (Doc. No. 10, PageID # 35.) Defendant reported that he is employed at Dstrkt Hybrid Lounge night club in Cleveland, as a manager, and that he and his wife own and operate a restaurant. Defendant also reported that he had been shot in the buttocks and leg

---

[2] (Doc No. 10, filed under seal.)

3

on May 19, 2022.³   Defendant and his wife, Shalay Morris reported certain information regarding his mental health and substance abuse history.⁴

The Pretrial Services Report includes Defendant's criminal history.  As a juvenile, Defendant: was arrested on charges of Assault and Robbery, but released to the supervision of his parents; was adjudicated a delinquent on charges of aggravated robbery and felonious assault and committed to the Ohio Department of Youth Services; and proceeded to trial on charges of aggravated robbery and grand theft motor vehicle, but was acquitted by the jury.  As an adult, Defendant has been convicted of the following felonies: receiving stolen property, having weapons under disability, carrying a concealed weapon twice, tampering with evidence, failure to comply with order/signal of police officer, trafficking offenses with a one-year firearm specification, attempted having weapons while under disability, and felon in possession of firearm.  Defendant violated the conditions of his community control several times, and there are two capias warrants currently active associated with his violations of community control conditions associated with his aggravated menacing (M1) and

---

³ In a Cleveland Police Narrative Report relative to Case # 2022-00139184, attached as Exhibit 2 to the Government's Motion, memorializing that Defendant was a victim of a shooting on May 19, 2022, it is noted that when investigators conferred with him at the UH Main Campus where he was treated for his injuries, specifically gunshot wounds to his left ankle, right hip, and lower back/buttocks, Defendant was "extremely uncooperative, refusing to give information, and not wanting a report."  Defendant reported to investigators that he was on Darin to look at a house to buy, and was meeting a realtor, but he would not provide the address for the house he wanted to buy or the name of a realtor.  Defendant reported that the suspect had "just popped up" out of nowhere; he did not recognize or know the shooter or know why he was being shot at.  (Doc. No. 19-2, PageID # 101.)

⁴ 

4

attempted having weapons under disability convictions in 2013, and his violation of probation associated with his 2014 misdemeanor conviction for no driver's license. Pretrial Services recommended that Defendant be detained.

Based upon the proffered information, the Government argued that based upon Defendant's history and characteristics, combined with the circumstances of the instant offense, no condition or combination of conditions will reasonably assure his appearance as well as the safety of the community and other persons. (Doc. No. 18, PageID # 76.)

During the detention hearing, counsel for Defendant made no proffer but expounded on some of the information provided in the Pretrial Services Report. ((Doc. No. 18, PageID # 76.) She acknowledged that Defendant "does have a lengthy criminal history," but argued that Defendant was last convicted of a crime in 2014, was last on any supervision 5 years ago and has done well since that time because he has not "picked up any lower-level felony cases." (Doc. No. 18, PageID # 80.) Defendant's counsel asserted, then, that Defendant is not a danger to the community. Defendant's counsel also noted that Defendant's physical condition resulting from his gunshot wounds, and a broken hand and wrist resulting from a motorcycle accident, requires special care that would not be available in a detention facility, and that he has a stable residence and relationship, has maintained financial stability and has counseled youths in the community regarding the dangers of gang affiliation and activity. (Doc. No. 18, PageID # 81-82.)

On the record, Magistrate Judge Henderson did set forth her evaluation of the 3142(g) factors that must be considered in determining whether the Government proved by clear and convincing evidence that no condition will reasonably assure the safety of the community and any other person, or by a preponderance of the evidence that no condition will reasonably assure Defendant's

appearance.  Finding that it was a "close call", she took the matter under advisement.  After requesting and obtaining an Addendum to the Pretrial Services Report[5] providing recommended conditions if Defendant was released on bond, Magistrate Judge Henderson ordered Defendant released with the conditions recommended by Pretrial Services.  (Doc. No. 18, PageID # 86, Doc. Nos. 11, 14.)  The Government filed a motion to stay Defendant's release, which the Court granted.  The Government's Motion was then filed.

In the Government's Motion, the Government reiterates its position taken at the detention hearing that the nature and circumstances of the offense and the history and characteristics of the Defendant demonstrate that there are no conditions or combination of conditions that would reasonably assure the safety of the community or his appearance in court.  In Defendant's Opposition, Defendant primarily reiterates arguments raised at the detention hearing, but also asserts that over a year has passed since the alleged "serious" offense of "essentially…handli[ng] a firearm in a controlled environment," six months have passed since the discovery thereof and no evidence has been presented alleging wrongdoing during these many months, and there is no evidence of Defendant being involved in continued gang activity, "[o]ther than an Instagram handle, of which proof has yet to be provided."  (Doc. No. 20, PageID # 105.)

**Discussion**

18  U.S.C. § 3145(a)(1) provides in relevant part as follows:

> If a person is ordered released by a magistrate judge, *** the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the conditions of release.  The motion shall be determined promptly.

---

[5] In the Addendum to the Pretrial Services Report, Pretrial Services reiterated its recommendation that Defendant be detained.

6

District courts exercise a *de novo* review of a magistrate judge's release or detention order. *United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016 (citations omitted); *United States v. Eckenrode*, 2013 WL 257052 (N.D.Ohio Jan. 23, 2013) ("A District Court reviews the release order of a Magistrate Judge *de novo*.")

Upon conducting a *de novo* review, and considering the factors set forth in 18 U.S.C. § 3142(g), this Court finds, by a preponderance of the evidence, and by clear and convincing evidence, respectively, that there are no conditions that will reasonably assure the appearance of Defendant and the safety of any other person and the community.

Title 18 U.S.C. § 3142 "provides the framework for the district court's analysis as to whether release pending trial is proper." *United States v. Williams*, 2020 WL 2529356 (E.D. Tenn. May 18, 2020) (citing *United States v. Webb*, 238 F.3d 426, at *2 (6th Cir. 2000) (table opinion)). "The ultimate touchstone of this analysis is 'whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.' § 3142(g)." *Id.* Courts must consider the following: (1) the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, e.g., his or her character, mental and physical condition, family and community ties, financial resources, criminal history, and substance-abuse history; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release.

As to the nature and circumstances of the offense charged, this Court finds that this factor weighs in favor of detention. Defendant's counsel acknowledges that the offense with which Defendant is charged is "serious", and this Court agrees, particularly in light of his prior firearm convictions, Defendant being a founder of the dangerous gang, the Heartless Felons, and Detective Zone's report concerning

Defendant's Instagram video. Defendant seems to intimate that because Defendant's possession of the firearm(s) was in a "controlled setting", that the offense is less serious. However, the investigation demonstrates that Defendant's wife purchased the two guns from the Parma Armory that are the subject of the indictment and presumably took them to her home that she shares with Defendant and their children. And, according to Defendant, on May 26, 2022, an individual "pop[ped] out of nowhere" in the late to noon hour on a residential street and fired multiple rounds at Defendant, striking him in several places, and Defendant refused to provide helpful information to police investigating the shooting. This suggests an act of retaliation in the context of continued gang activity.

As to the weight of the evidence of the dangerousness or risk of flight, the evidence proffered by the Government demonstrates that there is digital/photographic, video, eyewitness and documentary evidence demonstrating Defendant's possession of firearm(s), so this factor weighs in favor of detention.

As to the history and characteristics of the Defendant, he is a known founder of the Heartless Felons gang. His criminal history includes juvenile adjudications for violent crimes and importantly, his criminal history as an adult includes four convictions involving the use of a firearm or the illegal possession of a firearm, and multiple violations of probation. The Court acknowledges that since his release from prison in 2017 for his conviction of Felon in Possession of Firearm in federal court, Defendant has not "picked up" any felony charges or convictions. But the Instagram Video and the proffered evidence associated with his possession of firearms in March 2021, involving his wife accompanying him and being present when he fired weapons at the Parma Armory and presumably having her purchase two firearms from the Parma Armory and reporting them stolen, demonstrate that Defendant has others assisting him in criminal activity to attempt to preclude detection of his own involvement therein. The Court also acknowledges that he has family support, specifically his wife and children, and financial resources. However, again, it is his wife who accompanied him to the Parma Armory where he

used the firearms, and the proffered evidence suggests that she helped him secure firearms, knowing that Defendant is not permitted to possess them.  This is not the kind of "family support" that Defendant needs or that will protect the public.

As to the nature and seriousness of the danger posed to the community by Defendant's potential release, even with the condition of GPS monitoring, this factor, too, weighs in favor of detention.  While the location monitoring that Defendant proposed may offer useful information about where he is, it provides little useful information about what he is doing, and the ready accessibility of smart phones and digital communication devices would make it all too easy for him to resume his involvement in illegal activity, to include gang activity.

Accordingly, the Government's Motion is GRANTED, Defendant's bond is revoked, and Defendant is ordered detained pending trial.

**IT IS SO ORDERED.**

Date: June 27, 2022

 _s/Pamela A. Barker_
PAMELA A. BARKER
U. S. DISTRICT JUDGE